UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
                          )
          Plaintiff,      )
                          )
     v.                   )
                          )  Civil Action No. 05-cv-1580
SEQUA CORPORATION; AND    )
JOHN H. THOMPSON,         )
                          )
          Defendants.     )
                          )

## NOTICE OF LODGING
## REMEDIAL ACTION/REMEDIAL DESIGN CONSENT DECREE

The United States respectfully provides notice of the lodging of a Remedial Action/Remedial Design Consent Decree ("Consent Decree") related to the Dublin TCE Site ("Site"), located at or near 120 Mill Street, Borough of Dublin, Bucks County, Pennsylvania. The notice is being provided concurrently with the filing of the United States' Complaint in this matter. No action is required by the Court at this time, because the Consent Decree is subject to a thirty-day public comment period, as discussed below.

The United States, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), is filing the Complaint, pursuant to Sections 106, 107 and 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a) and 9613(b). The Complaint names the Sequa Corporation ("Sequa") and John H. Thompson ("Thompson") as defendants in this action.

The Complaint seeks recovery of response costs incurred or paid by the United States, subsequent to September 30, 1999, as well as costs to be incurred, in response to the release or substantial threat of release of hazardous substances at the Site. Further, the Complaint requests that the Court enter an order requiring defendants to implement the remedy for the Site selected in the Record of Decision ("ROD"), as amended, issued by EPA on September 9, 2002. Prior to filing the Complaint, the United States and defendants Sequa and Thompson conducted good faith settlement negotiations and reached a settlement. The settlement resolves the United States' claims for relief set forth in the Complaint with respect to both defendants. The full terms of the settlement are incorporated into the Consent Decree lodged with the clerk of the court simultaneously with the filing of the Complaint. The Consent Decree provides that defendants will, <u>inter alia</u>: (a) implement the remedial measures specified in the Consent Decree, (b) pay the United States' past costs in the amount specified in the Consent Decree, and (c) pay the United States' future response costs incurred in connection with the Site.

In considering a consent decree, the district court's role is only to "satisfy itself that the settlement is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve." <u>United States v. Cannons Engineering Corp.</u>, 899 F.2d 79,

84 (1st Cir. 1990); United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1084 (1st Cir. 1994). As stated at page 4 of the Consent Decree, the parties believe that the Consent Decree "is fair, reasonable, and in the public interest." Further, as stated below and consistent with the Consent Decree, the United States will file an appropriate motion regarding entry of the Consent Decree following expiration of the required public comment period.

Pursuant to Department of Justice policy, 28 C.F.R. § 50.7, and Section XXXIV of the Consent Decree, the United States is lodging the executed Consent Decree at this time, subject to notice of it being published in the Federal Register for a thirty-day (30) public comment period. Upon expiration of the public comment period and subject to a review of any comments received, the United States will file an appropriate motion regarding entry of the Consent Decree. Accordingly, no action is required by the Court until the public comment period expires and the United States files an appropriate motion.

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources
    Division

NATHANIEL DOUGLAS
Trial Attorney
Environmental Enforcement Section

Environmental and Natural Resources
    Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044
Tele. No. (202)514-4628
Fax No. (202) 616-6583


PATRICK L. MEEHAN
United States Attorney
Eastern District of Pennsylvania

*/s/ Barbara Rowland*
BARBARA ROWLAND
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tele. No. 215-861-8200


OF COUNSEL:

JEFFERIE E. GARCIA
Assistant Regional Counsel
Office of Regional Counsel
EPA Region III
1650 Arch Street
Philadelphia, PA 19103

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2005, copies of this Notice of Lodging and the Consent Decree, with Attachments, executed by the parties, were served on counsel listed below by United States Mail, Postage Prepaid:

Christopher W. Boyle, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

Jay H. Karsch, Esq.
Eastburn & Gray, P.C.
60 E. Court Street
P.O. Box 1389
Doylestown, PA 18901

FILED
APR - 6 2005
By _____ Dep. Cler

NATHANIEL DOUGLAS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources
    Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044
Tele. No. (202) 514-4628
Fax No. (202) 616-6583